UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| GARY M., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of the Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE** <br><br> Case No. 2:24-cv-00542 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Gary M.[1] brought this action for judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for disability benefits.[2] Mr. M. filed a Motion for Dismissal of Complaint, seeking to voluntarily dismiss this case pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.[3] While Mr. M.'s voluntary motion to dismiss indicated "Defendant's attorney has been contacted and agrees with this dismissal," the motion was not signed by the Commissioner, as required by Rule 41(a)(1)(A)(ii).[4] Accordingly, the court denied Mr.

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in court orders in certain cases, including social security cases, the court refers to Plaintiff by his first name and last initial only.

[2] (*See* Compl., Doc. No. 1.)

[3] (*See* Mot. for Dismissal of Compl., Doc. No. 10).

[4] (*See id.*); Fed. R. Civ. P. 41(a)(1)(A)(ii) (permitting a plaintiff to voluntarily dismiss an action by filing "a stipulation of dismissal signed by all parties who have appeared").

1

M.'s motion without prejudice and noted Mr. M. may refile the motion "signed by all parties who have appeared."[5]  Mr. M. has not refiled a motion to dismiss.

On October 25, 2024, Mr. M.'s deadline to file the opening brief in this case passed, and Mr. M. failed to file an opening brief.[6]  Accordingly, the court ordered Mr. M. to show cause by November 12, 2024 why this case should not be dismissed for failure to prosecute.[7]  The court also warned Mr. M. that failure to satisfy the order to show cause may result in dismissal of the case.[8]  Likely because Mr. M. was seeking dismissal anyway, he did not respond to the order.  Where Mr. M. has failed to comply with the order to show cause or prosecute his case, this action is dismissed without prejudice.[9]

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure establishes the court's authority to involuntarily dismiss a case.[10]  And the rule "has long been interpreted to

---

[5] (*See* Docket Text Order, Doc. No. 11.)

[6] (*See* Docket Text to Admin. R. Answer, Doc. No. 9 ("Under Supplemental Rule 6, Plaintiff's Motion for Review of Agency Action must be filed and served by 10/25/2024.") (filed Sept. 25, 2024)); *see also* Fed. R. Civ. P. Suppl. R. for Soc. Sec. Actions Under 42 U.S.C. § 405(g), R. 6 (providing "[t]he plaintiff must file and serve on the Commissioner a brief for the requested relief within 30 days after the answer is filed"). Mr. M. has still not filed an opening brief.

[7] (Docket Text Order to Show Cause, Doc. No. 12.)

[8] (*Id.*)

[9] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and Rule 72-4(a) of the Local Rules of Civil Practice.  (*See* Doc. No. 5.)

[10] *See* Fed. R. Civ. P. 41(b).

2

permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute."[11] Additionally, the District of Utah's local rules provide for the issuance of "an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution" at any time.[12] And "[i]f the party does not show good cause, [the judge] may enter an order of dismissal."[13]

Dismissal of this action is warranted based on Mr. M.'s failure to prosecute this case and his failure to comply with an order to show cause.[14] Likely because Mr. M. was independently seeking dismissal of this action, he failed to respond to the order to show cause based on his failure to prosecute, even when warned such failure may result in dismissal of the case.[15] Under these circumstances, dismissal without prejudice under Rule 41(b) is warranted.

The factors outlined by the Tenth Circuit in *Ehrenhaus v. Reynolds*[16] also support dismissal of this action: (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4)

---

[11] *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

[12] DUCivR 41-2.

[13] *Id.*

[14] Courts need not follow any particular procedures when dismissing a case without prejudice. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

[15] (*See* Docket Text Order to Show Cause, Doc. No. 12 ("Plaintiff's deadline to file the opening brief has expired, but Plaintiff has not filed the opening brief. Plaintiff is ordered to show cause within fourteen days why this case should not be dismissed for failure to prosecute. Failure to do so may result in dismissal of the case.").)

[16] 965 F.2d 916 (10th Cir. 1992).

"whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions."[17] Several *Ehrenhaus* factors weigh in favor of dismissal. The interference with the judicial process is significant, where Mr. M.'s failure to submit an opening brief or comply with the order to show cause required court resources to address and prevented the case from moving forward. Mr. M. is highly culpable, where he failed to comply with the order to show cause or file a motion to dismiss that complies with Rule 41(a)(1)(A)(ii), despite being provided with specific instructions. Mr. M. was also warned that failure to comply with the order to show cause would result in dismissal. And sanctions other than dismissal would be ineffective, where Mr. M. has already been given multiple opportunities to comply and failed to do so.

Only the first *Ehrenhaus* factor weighs against dismissal. Any prejudice to the Commissioner from dismissal without prejudice is low where the Commissioner has not submitted any substantive filings in this case and appears to have consented to dismissal.[18] Overall, the *Ehrenhaus* factors weigh in favor of dismissal.

---

[17] *Id.* at 921 (citations omitted). Dismissal without prejudice generally does not implicate the *Ehrenhaus* factors. *See Lujan v. Dreis*, No. 10-4093, 414 F. App'x 140, 142 (10th Cir. 2011) (unpublished) ("A dismissal without prejudice, on the other hand, does not require consideration of the *Ehrenhaus* factors." (citing *AdvantEdge Bus. Grp.*, 552 F.3d at 1236)). But the factors are addressed out of an exercise of caution—in the event any later suits raise timeliness issues, for example. *See Faircloth v. Hickenlooper*, 758 F. App'x 659, 661–63 (10th Cir. 2018) (unpublished) (reviewing a district court's application of the *Ehrenhaus* factors in the face of timeliness challenge to a new suit after the previous suit was dismissed without prejudice).

[18] (*See* Mot. for Dismissal of Compl. 1, Doc. No. 10 ("Defendant's attorney has been contacted and agrees with this dismissal.").)

<u>CONCLUSION</u>

Because Mr. M. has failed to comply with the order to show cause or prosecute his case, this action is dismissed without prejudice pursuant to Rule 41(b).

DATED this 19th day of November, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge